Okay, Mr. Jakubaitis informed the court informally he's not going to appear today, so you're it. If you wish to argue, you're not required to, of course, but if you wish to, go ahead. I will take a few minutes of the court's time. Good morning. My name is Arash Ardal. I'm the attorney for the appellees here. I don't know if the panel has any questions before I start my very quick presentation. Can I ask a preliminary one? I should have checked this before. When you say attorney for the appellees, are you representing all three? Yes, I am. Okay. And all of those interests are aligned? Yes, they are. Okay. My question is about how broad this waiver, or however you characterize it, of the privilege, assuming there is one, should be. I mean, Mr. Jakubaitis came and said, I can't testify at this deposition because I'm on medication. Correct. From your briefs, it makes it sound to me like you don't want to only ask about whether he could competently testify at a other information he gave in the case was competent. And my first question is, I guess, has he ever claimed that other information he provided in his schedules or wherever was adversely affected by a mental or emotional condition or by medication? He hasn't come out and specifically said that anything that I have signed under penalty of perjury is subject to my medical conditions. But there are at least two deposition notices, one in the state court matter and then, again, in the bankruptcy matter, in which Frank Jakubaitis states, I can't testify. My mental condition doesn't let me testify. I'm under the influence of medication as a result of being in Vietnam. So the issue here is if he is – and, by the way, the state court objection to the deposition notice was in 2016 and then again in 2017. So to the extent that he has been taking medication, I think we have the ability and the right to try to understand when he started taking the medication. If he started taking the medication prior to signing any of the petitions, then I think that would put into question his ability to sign any declarations or any of the petitions under penalty of perjury because if any of the medications or his taking medications prior to filing bankruptcy, then why would that not prevent him from confidently testifying at that point? So you're hoping to use that to discredit essentially everything he's said? I'm not trying to discredit everything that he has said. I'm trying to understand if he even has at this point the ability to testify. As Judge Albert pointed out, one of the issues that's going to occur in this case is any testimony that's brought up in that are contradictory. Frank Jacobitis can just throw up his arms and say, well, I was under the influence of medication at that time. That's not a ballot declaration. I think it would be one thing if he does that. When he does that, I think there should be no question that you can ask questions about that. But in advance of him making that assertion, why should you be allowed to pry into his relatively private medical condition? Well, again, it's multifaceted. If he is unable to testify prior to filing the petition, then he is unable to sign the petition as under penalty of perjury. If there are documents that he has signed. Really? Is that necessarily true? Well, if he does not have the mental capacity to be able to take the oath, which is the requirement to be able to testify and sign documents under penalty of perjury, because he, for example, he's indicated in his briefings or in the protective order motions that he can't remember facts. That's a little different from having the capacity to take the oath. Well, it's similar. If he is unable to competently testify, whether it's to facts, whether it's to any aspect of his testimony, when you raise your right hand and say, I swear to tell the truth, the whole truth and nothing but the truth, that's exactly that. And counsel on both sides have to be able to rely on that oath and that ability and that statement. I think it's improper or it would be. Excuse me. Excuse me. I think it would be improper for Frank Jacobitis to be able to claim that he can testify and then potentially at a later date say, oh, well, I was under the influence of medication. Well, that's different. That's you're not wearing the whipsaw. That's a different question. Sure. OK. So that's that's essentially at this point. What we are seeking is to get an understanding of what medications he has taken, how long he's been taking them and what those medications actually treat. We're not trying to get broad understanding of his whole medical history or anything like that at this point. So what do you need to know the diagnosis? Well, as I indicated in my briefing, for example, if he is suffering from schizophrenia, for example, and because of that, he understands or sees facts differently than they actually are. Then we think we need to understand that and we need to know that because then anything that he has said can be taken with that understanding. I've got an epistemological problem now. I mean, isn't isn't it the question whether a fact is true or not? I mean, that's the most I mean, if you're looking at a schedule, it's you've got a statement in there, right? Isn't the first question, is that true or not true? Correct. So it's objective reality at some point, right? As opposed to whether he thinks it's true. Whether he thinks it's true is whether he's committed perjury. Well, aren't those two different things? But I'm worried about this kind of swallowing up what's what's really a very serious inquiry about the truth of what might be in schedules. Sure. And I don't believe that there are actually different things. When he has raised his hand and are written that he is signing on a penalty of perjury. He is attesting that that's the truth as he understands it. And what's the consequence if he's if that is a false statement? Well, does it make the statements untrue? Well, if you don't know yet, right? We don't know yet. And his ability to come back and be able to use the privilege as both a sword and a shield. Look, when you're talking about a privilege, that's one thing. But when you're talking about whether something is true or not, which is where I heard you going, that's a different question. Well, that's correct. The truth of the matter is different than being able to stand behind the privilege. I agree with you. But what I think you're hearing from everybody here is, you know, is there a communication? Should there be a privilege? I think you're making a point that there shouldn't be as in the instance in which it's arisen. But it's the broader implications that I think are a little more of concern here. I understand the broader implications. What we are worried about on the appellee's side at this point is Frank Jacobitis' ability to use this claim as both a sword and a shield. To, I can't testify because I'm under medication. But as he testified, as he indicated in his, when we actually attempted to do a deposition, oh, I'm not under the influence of medication today, I can testify. Which is what ends up becoming an issue. We need to know if he is under the influence of medication, how long has he been under the influence of medication? That prevents him, makes it, in his words, impossible for him to testify. And that's the key. Yeah, I guess I'm just, I'm having difficulty with that. Because it seems to me that, I mean, it's perfectly common in a deposition to start off by asking in your preliminary questions, are you taking any medication? Are you suffering from any health conditions that would prevent you from understanding and answering my questions appropriately today? Or your words, everybody asks that question at the beginning of every deposition, right? Absolutely. But if the answer is, yes, I'm taking medication, does that mean that you have free reign to delve into that person's medical history for some indefinite period of time going into the past? I'm just not sure about that. It depends on, I think it depends on what the medication is for. If, for example, if the medication is for high blood pressure, and it doesn't affect the ability to remember and be able to take the oath and testify to facts, that's one thing. Frank Jacobitis, in his papers, has indicated it makes it impossible for him to testify. The effects of medication make it impossible for him to testify. So how is it that it's impossible for him to testify yesterday, but it's possible today? And what's going to happen tomorrow? And if he's sitting in that witness stand, not this one, obviously, but in court at trial, is he going to be able to, at that point, say, well, you know, that declaration I made, it was impossible for me to testify that day? I guess my question is, you can deal with that when it happens. If and when he makes that assertion, you can deal with that assertion. My question is, to what extent should he be allowed to make a preemptive attack, you know, try to anticipate a statement that he might make in the future and get the information about a pretty private matter before he's actually made the assertion that would trigger that inquiry? And Judge Albert analyzed that and came and decided that this was an area of inquiry that was appropriate. And this is obviously an abuse of discretion hearing. Judge Albert looked at that and said, look, you've put your mental capacity at issue, your ability to testify at issue. And because of that, you waive the privilege. Now, I indicated in the state court, and I'll indicate again here, that we are open to a protective order to prevent disclosure and being able to use it only in litigation, et cetera, to be able to impeach him. But what I want to be able to do as counsel for the appellees in this case is to have that ammunition in the event that Frank Jacobitis says, you know, I was under the effect of medication, I would be able to ask him, well, for example, when you made this declaration, were you under the effects of medication? Can I rely on this declaration? Can I rely on this testimony? Can I rely on this? Can I rely on that? Or not? And the way it is right now, it's sort of unknown whether we can rely on any of the statements that he has made, because we don't know when he started taking medication. Well, is this going to lead to the world's biggest motion in limb? I mean, that's kind of what is worrying me. I mean, I think Judge Ferris' concern is a little different from mine. Mine is that there's going to be some broad sweeping effect on testimony in general in this case going forward. Well, again, he has put his ability to testify. No, I understand that. But there's a difference between, you know, are you able to talk intelligently now and competently testify? And, you know, is something that you said in the declaration a year ago true or not? Those are two different things. They are. But I think the more broad question is, when you made that declaration a year ago, were you able to make a statement? Were you competent enough? See, that kind of assumes that the minute one has any kind of a mental difficulty, it is across the board disqualifying. Not true. Not across the board disqualifying. But that's where you're headed, is my worry. Well, and that's sort of why we need to explore the issue a little bit. If he started taking medication yesterday, hypothetically, then we know, okay, up until yesterday, all of the testimony is reliable. All of the declarations are reliable. See, I mean, the whole point of reliable, and I'll stop taking everybody's time in a second. The whole point of reliable is, you know, there's the old joke that, you know, paranoids aren't wrong. You know, I mean, you can be a little bit disabled and yet able in other ways. And I'm worried that there is going to necessarily be some really broad effect to what you're asserting here that's really going to have a very broad effect testimonial and, you know, for trying to figure out in future matters, not just whether he was competent in some sense on that day, but just what the facts are. Well, and again, we sort of go back through the same type of analysis, and I'll attack you from a little bit of a different point, is if he is unable to testify and he puts false information in a declaration, has committed perjury in a declaration, can he not at that point say, oh, I was under the influence of medication? That's not perjury. But that goes to whether you're going to pursue him or someone's going to pursue him for perjury as to whether Blackacre's worth $1,000 or $2,000. Sure. And I'm worried about the second piece, that this is going to lead to basically excluding testimony without really testing it. Well, and we are at this point trying to understand what testimony we can actually even take. There is a 523 action. There's also a 727 action here. The 727 action says he lied on his petition and his schedules. We need to understand if he knowingly lied on his petition and schedules. And one of the elements is if he is able to testify and he's able to take that oath, there's a knowing element. If he is under the influence of medication, would that not be a shield to say, oh, I was under the influence of medication? But has he raised that only when he raises it? I'm wondering if there's a less intrusive way you could go about it and get yourself the same kind of assurance. I mean, he comes to the deposition and he says, I'm not taking medication today. It is possible for me to testify truthfully. That's what he tells you. Correct. Suppose you asked him, well, on the day you signed the schedules, you signed those on your penalty of perjury, were you taking any medication that day that made it impossible or difficult for you to understand what information you were providing and to provide truthful information? And if he says yes, then you could inquire. If he says, no, I was not taking any such medication, then on a day when he says he's competent, he says he was competent then. Haven't you got him adequately pinned down without inquiring into what I regard as a pretty sensitive issue about psychotherapy? That is something that we have not really considered to go in and test the veracity or the ability to testify on every piece of declaration that he has ever signed or any document that he's signed. And there's numerous documents in this case. It would take a whole deposition at this point to go through and say, well, on this date were you taking medication that prevented you from testifying, on this date were you taking medication? And his ability, I think, to, and not just his, any individual's ability to remember whether he took specific medication that would potentially affect his ability to testify four years ago on one specific date would be virtually impossible. I can't remember what medication I took yesterday, let alone four years ago. But, I mean, any answer other than no, I wasn't taking medication does a pretty good job of discrediting him, it seems to me. And let me bring this back to the order that's actually at issue. Your interpretation, from what I'm gathering from your oral and written presentation, is that the judge's statement that plaintiffs can ask questions, including but not limited to diagnosis, medication prescribed and taken, purpose of the medication, the side effects of drugs, gives you open leeway. It is not just for that day. You're saying you can go back retroactive based upon opening of the door. Well, at least to the day of signing the petition, because we're actually putting and questioning the veracity and the ability to testify as of the day of the petition. So at least as of the day of the petition, I would say, yes, we would be able to ask, were you under the effects of this medication? Side effects, for example, of medications, as far as I understand, and I'm not a medical doctor, don't go away if you don't take the medication one day. If the medication affects your ability to remember, it's not you can't remember one day. If you don't take it the next day, you can remember. It's a gradual, and this is not, again, I'm not a doctor, but that's just my understanding of how the medication works, it stays in your system, et cetera. Thank you. Your time's up. Thank you for your argument. The matter is submitted.
judges: Faris, Lafferty, and Spraker